## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER S. SNIDER,        )
                        Plaintiff,   )
v.                           )     Case No. CIV-08-254-F
                           )
UNITED STATES DEPARTMENT OF   )
JUSTICE, UNITED STATES ATTORNEY'S  )
OFFICE, JOHN C. RICHTER, EDWARD J.  )
KUMIEGA, BUREAU OF ALCOHOL,   )
TOBACCO, AND FIREARMS,      )
STATE OF OKLAHOMA,         )
OKLAHOMA CITY POLICE       )
DEPARTMENT, POTTAWATOMIE    )
COUNTY PUBLIC SAFETY CENTER,   )
TIMOTHY J. HOLLAND,        )
GRAHAM ROBERTSON, KENNY    )
LANMAN, and JOSEPH L. RUFFIN,   )
                           )
                Defendants.  )

## REPORT AND RECOMMENDATION

Plaintiff, Christopher S. Snider, appearing *pro se* and *in forma pauperis*, has filed a civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388, 395-97 (1971)[1] seeking damages for alleged constitutional violations. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of the Amended Complaint [Doc. #45] has been conducted pursuant to 28 U.S.C. § 1915(e)(2)(B) (pertaining to *in forma pauperis* proceedings). It is recommended that the Amended Complaint be dismissed for failure to

---

[1]Section 1983 provides the jurisdictional basis for claims of constitutional deprivations against persons acting under color of state law. *Bivens* provides the jurisdictional basis for a cause of action alleging deprivation of constitutional rights by persons acting under color of federal law. *See Tripati v. U.S.I.N.S.*, 784 F.2d 345, 346 n.1 (10th Cir. 1986).

state a claim upon which relief may be granted.  It is further recommended that the seven

pending motions filed by Plaintiff [Doc. ##9, 10, 11, 12, 36, 37, 38] be denied as moot.

Finally, it is recommended that the dismissal be counted as a "prior occasion" or "strike"

pursuant to 28 U.S.C. § 1915(g).

## I.    Factual Background

On February 21, 2007, Plaintiff pled guilty in this Court, Case No. CR-07-43-M, to

one count of possession of stolen firearms.  He was sentenced to 120 months imprisonment

and a three-year term of supervised release.  Plaintiff is currently incarcerated in the

Oklahoma County Detention Center awaiting disposition of criminal charges pending against

him in the Oklahoma County District Court, Case No. CF-2007-3037.  In June 2008, Plaintiff

was transferred to the Pottawatomie County Public Safety Center, pursuant to a "writ,"

apparently to face charges in that county as well.  At that facility, Plaintiff was forced to

sleep on a hard plastic surface for two weeks, after which time he was given a mat.  He states

that having to sleep on the hard plastic surface resulted in back pain.

## II.    Plaintiff's Claims

In Count One, Plaintiff contends that his constitutional rights were violated and that

he has been deprived of his liberty without due process of law.  The factual basis of this

claim is that  Plaintiff's attorney and the Assistant United States Attorney prosecuting the

criminal case against him did not comply with Local Criminal Rule 16.1 (LCrR16.1) which

requires the defense counsel and the prosecuting attorney to meet and confer at a discovery

conference within ten days after a plea of not guilty is entered and to file a joint statement

memorializing the discovery conference.  According to Plaintiff, he pled guilty without knowledge that this local rule had not been followed.  Plaintiff contends that this omission violated his due process rights.

In Count Two, Plaintiff contends that his constitutional rights were also violated when the prosecutors "publicly humiliated" him by wrongfully accusing him of making a Molotov cocktail used to burn a business.  Plaintiff contends that prosecutors threatened to charge him with arson if he did not plead guilty to the federal firearms charge.  He states that the alleged threats led to his involuntarily pleading guilty to the firearms charge.

In Count Three, Plaintiff states that his constitutional rights were violated when Defendant Timothy J. Holland, an officer with the Bureau of Alcohol, Tobacco and Firearms (ATF), seized Plaintiff's cell phone upon which Plaintiff had allegedly recorded video and audio statements of his co-defendants in the Oklahoma County case which would have exonerated him of both federal and state charges.  Plaintiff states that Defendant Holland did not submit the cell phone to the United States Attorney or to the defense attorney.  Rather, Plaintiff states, Defendant Holland destroyed the exculpatory evidence and kept the cell phone until after Plaintiff had pled guilty to the federal charges.

In Count Four, Plaintiff states that his constitutional rights were violated by Defendants Graham Robertson and Kenny Lanman of the Oklahoma City Police Department who forced him to answer questions and write incriminating statements while in police custody after he had asked for an attorney to represent him.

In Count Five, Plaintiff challenges as unconstitutional the conditions of his confinement during two weeks of his stay at the Pottawatomie County Public Safety Center.

## III.   Grounds for *Sua Sponte* Dismissal

In determining whether dismissal of a *pro se* complaint is proper for failure to state a claim upon which relief may be granted, the Court must take all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff.  Dismissal is proper if, taking those facts as true, the plaintiff fails to present a plausible right to relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-1248 (10th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  "The burden is on the  plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins*, 519 F.3d at 1247 (*quoting Twombly*, 127 S.Ct. at 1965).  Where, as here, the litigant appears *pro se*, the Court construes the complaint liberally.  *Haines v. Kerner*, 404 U.S. 519 (1972).

To state a § 1983 claim, a plaintiff must "'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'"  *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) (*quoting West v. Atkins*, 487 U.S. 42, 48 (1988)).  To state a *Bivens* claim, a plaintiff must allege constitutional deprivations by a person acting under color of federal law.  *See Tripati*, *supra* at 1 n.1.  Claims against public officials must demonstrate some form of personal involvement on the part of an individual defendant.  *Bruner* at 1026 (*citing Coleman v. Turpen*, 697 F.2d 1341, 1346 n. 7 (10th Cir. 1982)).

4

IV.   **Analysis of Claims**

    A.    **Count One: Failure to Follow Local Rules**

Plaintiff contends that his due process rights were violated because his court-appointed counsel, Defendant Ruffin, and the Assistant United States Attorney, Defendant Kumiega, did not meet and confer at a discovery conference and did not file a joint statement memorializing the discovery conference as required by LCrR 16.1.  According to Plaintiff, Defendant United States Department of Justice, Defendant United States Attorney's Office for the Western District of Oklahoma, and Defendant Richter, United States Attorney for the Western District of Oklahoma, are liable for failing to properly supervise Defendant Kumiega.

Count One of Plaintiff's Amended Complaint is subject to dismissal on several grounds.  First, the local criminal rule governing the discovery conference is a procedural rule aimed at clarifying the issues the parties may wish to present to the Court before trial. The rule does not confer any substantive due process rights on a criminal defendant.  Failure to comply with this rule does not, therefore, violate a criminal defendant's constitutional or statutory rights.

As to the defendants implicated in Count One, none could be held liable in this civil rights action.  First, a prosecutor, such as Defendant Kumiega, enjoys absolute immunity for actions he has taken within the scope of his "duties in initiating and pursuing a criminal prosecution."  *Imbler v. Pachtman*, 424 U.S. 409, 427-431 (1976) (42 U.S.C. § 1983 case against prosecutor); *see also Tripati*, at 346-347 (U.S. attorney entitled to absolute immunity

while acting within the course of his duties in initiating prosecution and presenting the government's case) (*citing Butz v. Economou*, 438 U.S. 478, 496 (1978) (immunity available to federal defendants equivalent to that available to state defendants)).

Defendant Ruffin, Plaintiff's court appointed defense attorney, is not a proper defendant to this *Bivens* civil rights action because he was not acting "under color of federal law." *See Allred v. McCaughey*, 257 Fed. Appx. 91, 92-93 (10th Cir. 2007) (private attorney appointed by the court to represent defendant in federal proceedings is not a "federal officer" for purposes of *Bivens* when the attorney is performing the traditional functions of counsel to a criminal defendant) (unpublished op.) (collecting cases).

Claims against Defendants United States Department of Justice and United States Attorney's Office for the Western District of Oklahoma must be dismissed as neither is a legal entity separate from the United States. *See Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (Department of Justice properly dismissed because it is not a juridical entity separate from United States). Although the United States may, in some cases, be liable for damages, it has not waived its sovereign immunity for constitutional torts. *Id.*

Finally, Defendant Richter, the United States Attorney for the Western District of Oklahoma, is also entitled to prosecutorial immunity. Plaintiff alleges, however, that Defendant Richter, "should have supervised his employees to ensure all rules were followed, so defendant's [sic] in criminal court cases do not have their rights violated." Amended Complaint at 5. This claim against Defendant Richter must also be dismissed because claims of constitutional violations brought pursuant to *Bivens* cannot be based on the theory of

*respondeat superior. See Kite v. Kelley*, 546 F.2d 334, 336-337 (10th Cir. 1976) (before a superior may be held for acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the alleged constitutional deprivations).

Accordingly, the claims alleged in Count One should be dismissed for failure to state a claim upon which relief may be granted.

### B.      Count Two: Additional Charges and Voluntariness of Plea

In Count Two, Plaintiff states that Defendants United States Department of Justice, United States Attorney's Office for the Western District of Oklahoma, John C. Richter, and Edward S. Kumiega "wrongfully, maliciously, intentionally, slanderously, publicly humiliated"[2] him by wrongfully accusing him of making a Molotov cocktail used to burn a commercial business. According to Plaintiff, these Defendants threatened to bring additional charges against him which resulted in his involuntary plea of guilty.

As discussed above, the United States Department of Justice and the United States Attorney's Office for the Western District of Oklahoma are not suable entities. Defendant Richter is not liable under the theory of *respondeat superior*, and both Defendant Richter and Defendant Kumiega are entitled to absolute immunity as the challenged actions relate directly to the initiation and prosecution of criminal charges. Additionally, this claim is

---

[2]The alleged slander and resulting humiliation do not rise to the level of a constitutional violation. The only constitutional claim is that Plaintiff's plea was involuntary. Such a claim is generally brought as a claim for habeas relief. Because of possible adverse consequences to Plaintiff's right to bring a future habeas action, this Court should refrain from construing Plaintiff's Amended Complaint as a petition for habeas relief brought pursuant to 28 U.S.C. § 2255.

7

barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (holding that a plaintiff bringing a § 1983 action to recover damages for an allegedly unconstitutional conviction "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); *see also Alvarez v. Gonzales*, 155 Fed. Appx. 393, 398 (10th Cir. 2005) (applying *Heck* in the context of a *Bivens* action brought by federal inmate) (unpublished op.).  Accordingly the claims in Count Two should be dismissed.

### C.    Count Three: Withholding of Evidence Favorable to Defense

In Count Three, Plaintiff contends that Defendant Holland violated his constitutional rights by withholding exculpatory evidence from the defense.  According to Plaintiff, Defendant Holland, an ATF agent, seized Plaintiff's cell phone, upon which he had recorded exculpatory statements by his co-defendants in the Oklahoma State case, and did not return the cell phone until after he had pled guilty to the federal firearms charge.  This claim, too, is barred by *Heck v. Humphrey* because success in the instant *Bivens* case would call into question the validity of Plaintiff's conviction.  The ATF, as an agency of the United States government, is not a legal entity separate from the United States.  As discussed *supra* at 6, the United States has not waived its sovereign immunity as to constitutional torts.

### D.    Count Four: Violation of Right to Attorney

Plaintiff contends that he was arrested by Defendants Robertson and Lanman, officers of Defendant Oklahoma City Police Department (OCPD), and was forced to make self-

incriminating oral and written statements even after he requested that his attorney be present. Plaintiff contends that Defendants Robertson and Lanman were not properly trained and supervised and that Defendant OCPD as well as Defendant State of Oklahoma are all liable for the alleged violation of his rights.

Defendant OCPD, a municipal police department, is not a suable entity because it lacks a legal identity separate from the municipality. *See Ketchum v. Albuquerque Police Dept.*, No. 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (unpublished op.) (a municipal police department is not a suable entity because it lacks a legal identity apart from the municipality or county); *Shangreaux v. Midwest City Police Dept.*, No. 91-6013, 1991 WL 104313, at *2 (10th Cir. June 12, 1991) (unpublished op.) ("The police department of Midwest City is not a suable entity."). Claims against Defendant OCPD should be dismissed for failure to state a claim upon which relief may be granted.

Where, as here, a suit alleges claims against the State of Oklahoma and the plaintiff seeks only monetary damages, the State is entitled to the defense of sovereign immunity under the Eleventh Amendment unless the State has waived that defense. *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The State of Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court. *Id*. Accordingly, all claims against the State of Oklahoma should be dismissed for failure to state a claim upon which relief may be granted.

The claims against the individual OCPD officers, Defendants Robertson and Lanman, must also be dismissed. Plaintiff has alleged no damages resulting from the alleged

unconstitutional questioning other than, presumably, the conviction in this Court and the pending criminal charges against Plaintiff in the Oklahoma County District Court. Because recovery of damages from these Defendants would call into question the validity of Plaintiff's conviction, his claims are barred by *Heck v. Humphrey*. *See* discussion *supra* at 7-8. As for the state criminal proceedings, this Court is not permitted to intervene in ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 54 (1971). "The notion that state courts should remain free from federal court intervention derives from the limited nature of equity jurisdiction and the belief that our federal system operates most effectively when the states and their political subdivisions are left alone." *Walck v. Edmondson*, 472 F.3d 1227, 1232 -1233 (10th Cir. 2007) (*citing Younger* at 43-44). As a result, under *Younger* and its progeny, federal courts should not interrupt ongoing state criminal proceedings when adequate state relief is available. In this case, Plaintiff can challenge the introduction of the allegedly unconstitutional statements during the course of the state criminal proceedings.

### E.  Challenges to Conditions of Confinement

Plaintiff contends that he was subjected to unconstitutional conditions of confinement while he was incarcerated in the Pottawatomie County Public Safety Center (PCPSC). The only defendant Plaintiff has named with respect to Count Five is the PCPSC itself. The PCPSC is not, however, a suable entity because it lacks a legal identity separate from the county. *See Ketchum v. Albuquerque Police Dept.*, at *2 (a county detention center is not a suable entity because it lacks a legal identity apart from the county). It is therefore

recommended that all claims against the PCPSC be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that Plaintiff's Amended Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal should be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999). It is further recommended that Plaintiff's Motion for Subpoena for Court Documents for Preliminary Hearing [Doc. #9], Motion to Subpoena Witnesses [Doc. #10], Motion to Produce Evidence for Use at Preliminary Hearing [Doc. #11], Motion to Subpoena Evidence [Doc. #12], Motion to Subpoena Court Documents [Doc. # 36], Motion to Subpoena Documents [Doc. #37], and Motion to Subpoena Reports [Doc. # 38] all be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by October __27th__, 2008. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __6th__ day of October, 2008.


_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE